E-FILED
Tuesday, 10 March, 2026  03:54:22 PM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION**

| | | |
|---|---|---|
| RANDY REASON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No.: 1:25-cv-01322 |
| | ) | |
| LOWE'S HOME CENTERS, LLC, a foreign | ) | |
| limited liability corporation, | ) | |
| | ) | |
| Defendant. | ) | |

**AGREED HIPAA QUALIFIED PROTECTIVE ORDER REGARDING
PLAINTIFF RANDY REASON'S PROTECTED HEALTH INFORMATION**

The Court finds that entry of this order is necessary to:

A.    Ensure the parties' compliance with the Health Insurance Portability and Accountability Act of 1996 (HIPAA) and its accompanying rules and regulations governing the disclosure, maintenance, use, and disposal of protected health information (PHI), including the "Privacy Rule" contained therein;

B.    Require covered entities, as defined in 45 C.F.R. § 160.103, to disclose the Patient's PHI as expressly provided in this Order for use in this litigation without a separate disclosure authorization; however, nothing in this Order relieves any person or entity from complying with the additional applicable requirements of the following statutes and regulations:

Illinois Mental Health and Developmental Disabilities Confidentiality Act, 740 ILCS 110/1, *et. seq.*;

AIDS Confidentiality Act, 410 ILCS 305/1, *et. seq.*;

Alcoholism and Other Drug Abuse and Dependency Act, 20 ILCS 301/30-5, *et. seq.*;

Federal statute or regulation protecting certain drug and alcohol records, 42 U.S.C. §§ 290dd-3, 290ee-3; 42 C.F.R. Part 2;
Genetic Information Privacy Act, 410 ILCS 512/15;

Medical Patient Rights Act, 410 ILCS 50/1, *et. seq.*;

Physician and Patient, 735 ILCS 5/8-802(2 and (4);

Any and all other applicable state and federal laws regulating or governing the request, review, or disclosure of PHI pertaining to the Patient, to the extent and subject to the conditions outlined herein;

C.  Authorize the parties and their respective attorneys to receive, subpoena, and transmit PHI, but only to the extent and subject to the conditions outlined hereon;

D.  Permit the parties and their attorneys to use or disclose, as defined in 45 C.F.R. § 160.103, the Patient's PHI for purposes of prosecuting or defending this action, including appeals in this case only. This includes, but is not necessarily limited to, disclosure to their attorneys, insurance companies, experts, consultants, court personnel, court reporters, copy services, trial consultants, and other entities or persons involved in the instant litigation;

E.  For purposes of this HIPAA Protective Order, "Protected Health Information" shall have the same scope and definition as set forth in 45 C.F.R. §160.103 and §164.501. "Protected Health Information" (PHI) includes, but is not limited to, individually identifiable health information relating to: (a) the past, present, or future physical or mental condition of an individual; (b) the provision of health care to an individual, and/or (c) the charges to and payment for health care provided to an individual, which identifies the individual or which reasonably could be expected to identify the individual;

F.  Permit the parties and their attorneys to receive the Patient's PHI from covered entities, business associates, and the parties in this litigation, provided that the covered entities, business associates, and parties in this litigation disclose only the PHI expressly authorized in this Order;

G.  Prohibit the parties and any other persons or entities from using or disclosing the Patient's PHI for any purpose other than the litigation or proceeding for which it was requested as required by 45 C.F.R. 164.512(e)(1)(v)(A);

H.  Require the return of the Patient's PHI to the covered entity or the destruction of the information at the end of the litigation or proceeding as required by 45 C.F.R. 164.512(e)(1)(v)(B);

I.  The term "Patient" shall mean the individual identified as such above, namely Plaintiff, RANDY REASON.


**IT IS HEREBY ORDERED:**

1.  This Order is entered pursuant to HIPAA, including, but not limited to, 45 C.F.R. §164.512(e)(1)(ii)(B) and 45 C.F.R. §164.512(e)(1)(v), and specifies the permitted ways the Patient's PHI may be sought or obtained in this lawsuit by any party other than the Patient, limitations on the scope of such PHI, the permitted recipients of such PHI, and the purposes for which such PHI may be used and/or disclosed.

2.  Other than the Patient and their attorneys, the parties to this lawsuit and their respective attorneys, insurance companies and all others who receive PHI in the course of this litigation are prohibited from using, disclosing, subpoenaing, requesting, receiving, retaining, and/or reviewing PHI for any purpose other than the prosecution or defense of this lawsuit without the Patient's prior written consent or the order of this court, specifying the scope of the PHI to be disclosed, the recipients of the disclosed PHI, and the purpose of the disclosure, or as permitted by this order. No consent to disclosure shall constitute a consent to re-disclose unless so specified in detail.

3.  The only disclosures permitted by this Order are:

    A.  To the parties to this lawsuit and their agents and other entities disclosed in other paragraphs of this order as set forth in this order;

    B.  As ordered by this or another court or arbitral body or by subpoena, with reasonable notice to the parties and their attorneys for purposes of subrogation, reimbursement, or payment of liens arising out of or related to this lawsuit; and

    C.  As necessary to comply with any other federal or state laws, rules, or regulations, but only with the party's express consent and entry of an appropriate court order.

4.  Other than by the Patient, no party or its agents are permitted to request, obtain, or disclose PHI or any other type of medical bills, records or related information other than through the formal discovery procedures authorized by the Federal Rules of Civil Procedure, Supreme Court Rules, and orders of this Court.

5.  Unless otherwise agreed by the Patient in writing, any party to this lawsuit, other than the Patient, planning to issue a subpoena seeking the Patient's PHI shall provide notice of and a copy of any such subpoena to the Patient's attorney and all parties not in default, contemporaneously with the issuance of the subpoena upon a covered entity.

6.  Any subpoenas issued by or on behalf of any party other than the Patient, must specifically be restricted to ten (10) years prior to the date of the occurrence alleged in Plaintiff's complaint at law. All subpoenas seeking PHI shall be accompanied by a complete copy of this Order. Any party may, for good cause shown, petition the court to modify the time and scope limitations stated herein pursuant to applicable federal laws. Any party may further petition the court for redaction of PHI obtained by any of the parties, and for immediate destruction of unredacted copies of such records by the parties.

7.  Any party other than the Patient who receives PHI as authorized by this Order shall provide a copy of the PHI to Patient, in the same form and format as such PHI was received, within fourteen (14) calendar days after receipt of the PHI. A reasonable copying and delivery fee may be charged.

3

8.      Any party that uses a third-party to issue a subpoena for PHI shall ensure that each such third party complies with the terms of this Order, including the issuing subpoena and accompanying correspondence.

9.      No Covered Entity shall require that a separate authorization or release be executed in order to secure PHI.  Any Covered Entity over which this Court has jurisdiction that fails or refuses to disclose PHI in accordance with this Order when no objection to its disclosure has been sustained by a court of competent jurisdiction, may be subject to all sanctions authorized by the Federal Rules of Civil Procedure.

10.     The parties to this lawsuit and their respective attorneys are authorized to disclose PHI of Patient which was received in the course of this litigation, to staff, insurers, undisclosed consulting experts, Federal Rule 26 witness, and other such persons and entities involved in the litigation process for this lawsuit.  Prior to disclosing PHI to any person or entity, counsel shall provide this HIPAA Order to each such person or entity and advise each such person and/or entity receiving the PHI, that each person and/or entity is bound by the terms of this order, and specifically that PHI shall be used only the instant litigation and shall be destroyed upon termination of litigation, or returned to Plaintiff's Counsel within the time required in this Order (60 days) and that the PHI will be destroyed at the conclusion of litigation.

11.     The parties to this lawsuit are prohibited from filing PHI, or portions thereof, with the Clerk of the District Court unless filed in a confidential manner or under seal.

12.     The permitted disclosure and use of the Patient's PHI pursuant to this Order shall cease at the conclusion of litigation.  Within 60 days after the conclusion of litigation, other than the Patient and their attorneys, all parties and their attorneys, insurance companies, and any person or entity in possession of the PHI received during the course of this litigation, shall destroy any and all copies the PHI, including any electronically stored copies or images, except that counsel are not required to secure the return or destruction of such PHI submitted to the Court. The phrase "conclusion of this litigation" shall mean the point at which final orders disposing of the entire case as to any Defendant(s) have been entered, or the time at which all trial and appellate proceedings have been exhausted as to any Defendant(s).

13.     This Court retains jurisdiction to enforce the terms of this Order after the conclusion of this lawsuit.

ENTERED: March 10, 2026

_____
Ronald L. Hanna
United States Magistrate Judge

4

*/s/ Boyd O. Roberts*
Attorney for Plaintiff, Randy Reason


*/s/ Emily A. Sajkoski*
Attorney for Defendant, Lowe's


Prepared by:
James P. LeFante (6237531)
Boyd O. Roberts (6243747)
LeFante law Offices, P.C.
Twin Towers Plaza
456 Fulton Street, Suite 410
Peoria, IL 61602
Phone: (309) 999-1111
Fax: (855) 533-2683
jlefante@lefantelaw.com
broberts@lefantelaw.com
For Service of Pleadings/Discovery: service@lefantelaw.com